

✓ FILED          ____ RECEIVED
____ ENTERED     ____ SERVED ON
        COUNSEL/PARTIES OF RECORD

MAR 1 8 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TODD ALLEN BEVERLY,                         )
                                            )
       Petitioner,                    )       3:08-cv-00012-RCJ-VPC
                                            )
vs.                                         )       **ORDER**
                                            )
WARDEN JACK PALMER, *et al.*,               )
                                            )
       Respondents.                   )
                                           /

This action is a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the Court on the merits of the petition.

## I. Procedural History

Pursuant to a jury verdict, petitioner was found guilty of four counts of sexual assault with a minor under fourteen years of age, two counts of sexual assault with a minor under sixteen years of age, one count of attempted sexual assault, and one count of coercion. (Exhibit 31).[1] Petitioner was sentenced as follows: six terms of life with the possibility of parole after twenty years, one term of life with the possibility of parole after ten years, one term of five to twenty years, and one term of twelve to thirty months. (Exhibits 32 & 33). All terms are to be served concurrently. (*Id.*).

---

[1] The exhibits referenced in this order appear in the Court's record at ECF No. 13.

1   Petitioner was also sentenced to a special sentence of lifetime supervision.  (*Id.*).  The judgment of

2   conviction was entered on February 4, 2004.  (Exhibit 33).  Petitioner appealed his conviction.

3   (Exhibit 34).  On July 12, 2005, petitioner filed an opening brief.  (Exhibit 35).  On February 16,

4   2006, the Nevada Supreme Court entered its order of affirmance and limited remand to correct

5   judgment of conviction (due to clerical error, referencing the conviction was pursuant to guilty plea

6   as opposed to a jury trial).  (Exhibit 40).  The amended judgment of conviction was filed April 10,

7   2006.  Remittitur issued March 15, 2006.  (Exhibit 41).

8           On January 16, 2007, petitioner filed a post-conviction habeas petition in state district court.

9   (Exhibit 43).  On June 14, 2007, the state district court entered findings of fact, conclusions of law,

10  and order denying the post-conviction petition.  (Exhibit 46).  Petitioner appealed.  (Exhibits 45 &

11  47).  The Nevada Supreme Court entered its order of affirmance on October 31, 2007.  (Exhibit 49).

12  Remittitur issued on November 28, 2007.  (Exhibit 50).

13          Petitioner dispatched his federal habeas petition to this Court on December 12, 2007.  (ECF

14  No. 3, at p. 1).  The petition was filed on January 9, 2008.  (ECF No. 3).  Respondents filed an

15  answer on July 30, 2008.  (ECF No. 15).  Petitioner's reply was filed September 18, 2008.  (ECF No.

16  20).

17  **II. Federal Habeas Corpus Standards**

18          The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d),

19  provides the legal standard for the Court's consideration of this habeas petition:

20                  An application for a writ of habeas corpus on behalf of a person
                    in custody pursuant to the judgment of a State court shall not be
21                  granted with respect to any claim that was adjudicated on the merits in
                    State court proceedings unless the adjudication of the claim –
22
                    (1) resulted in a decision that was contrary to, or involved an
23                  unreasonable application of, clearly established Federal law, as
                    determined by the Supreme Court of the United States; or
24

25

26                                                  2

1

2

              (2) resulted in a decision that was based on an unreasonable
          determination of the facts in light of the evidence presented in the State
          court proceeding.

3

4     The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications

5   in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect

6   to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court

7   decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C.

8   § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme

9   Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from

10   a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme

11   Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529

12   U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

      A state court decision is an unreasonable application of clearly established Supreme Court

13   precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct

14   governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

15   principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams,*

16   529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more

17   than merely incorrect or erroneous; the state court's application of clearly established federal law

18   must be objectively unreasonable. *Id.* (quoting *Williams,* 529 U.S. at 409).

19     In determining whether a state court decision is contrary to, or an unreasonable application of

20   federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v.*

21   *Nunnemaker,* 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard,* 234 F.3d 1072, 1079 n.2 (9th

22   Cir. 2000), *cert. denied,* 534 U.S. 944 (2001). Moreover, "a determination of a factual issue made by

23   a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting

24   the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

25

26
                                          3

**III. Discussion**

    **A. Ground One**

        Petitioner asserts that his trial counsel was ineffective for failing to file a pretrial motion to suppress transcripts of interviews with the victim, the victim's mother, and petitioner conducted by a detective of the Las Vegas Metropolitan Police Department. (ECF No. 3, at pp. 16-18).

        Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor*, 529 U.S. 362, 390-391 (2000) (citing *Strickland*, 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

        Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary

4

1   to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry*, 540 U.S. 1,

2   5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of

3   reasonable professional assistance. *Id.*

4          On appeal from the denial of petitioner's state habeas petition, the Nevada Supreme Court

5   considered petitioner's claims that his trial counsel was ineffective for failing to file a pretrial motion

6   to suppress transcripts of interviews with the victim, the victim's mother, and petitioner conducted

7   by a detective of the Las Vegas Metropolitan Police Department, and rejected those claims:

8                  Appellant failed to demonstrate that his trial counsel was ineffective in
                   relation to the victim's transcripts. This court previously determined
9                  on direct appeal that the victim's transcripts are admissible. Therefore,
                   the underlying issue relating the to the victim's transcripts is governed
10                 by the doctrine of the law of the case. Consequently, appellant failed
                   to demonstrate that trial counsel was ineffective for failing to file a
11                 motion to suppress because appellant failed to show that a motion to
                   suppress the victim's transcripts would have been meritorious.
12                 Therefore, the district court did not err in denying this claim.

13                 Appellant also failed to demonstrate that his trial counsel was
                   ineffective for failing to file a motion to suppress the transcripts with
14                 the victim's mother. Appellant failed to show that the motion to
                   suppress was meritorious and that there was a reasonable likelihood
15                 that the exclusion of the evidence would have changed the result at
                   trial. Appellant provided no evidence that the State acted in bad faith
16                 in destroying the audiotapes. In contrast, evidence adduced at trial
                   showed that the tapes were destroyed after the case went to the Justice
17                 Court for a preliminary hearing because the computer system
                   erroneously showed that the case had been dismissed on the State's
18                 motion, when it was actually dismissed because it went to the grand
                   jury. Detective Meegan further testified that it is standard procedure to
19                 destroy evidence in cases that have been dismissed because there is no
                   reason to keep the evidence. Appellant also failed to demonstrate that
20                 he was prejudiced by the admission of the victim's mother's transcript.
                   As noted above, the jury was aware that the audiotapes had been
21                 destroyed. Although Detective Meegan testified that the transcripts
                   were accurate, the victim's mother testified that the transcripts did not
22                 accurately reflect the statements she made during her interview with
                   Detective Meegan. The issue of veracity of the victim's mother's
23                 transcripts was fully litigated at trial and the jury was presented with
                   the conflicting testimony at trial. Thus, appellant failed to demonstrate
24                 that he was prejudiced by the admission of the evidence. Therefore,
                   appellant failed to demonstrate that trial counsel was ineffective on
25                 this issue and the district court did not err in denying this claim.

26
                                          5

> Finally, appellant also failed to demonstrate how he was prejudiced by the admission of the transcripts of his interview with Detective Meegan, other than to attack the accuracy of the transcripts. Appellant failed to elucidate how the admission of his transcript impacted the jury's verdict in this case. Therefore, appellant failed to show that the motion to suppress was meritorious and that there was a reasonable likelihood that the exclusion of the evidence would have changed the result at trial. Therefore, the district court did not err in denying this claim.

(Exhibit 49, at pp. 3-5) (footnotes and citations omitted). The Nevada Supreme Court cited and applied *Strickland v. Washington*, 466 U.S. 668 (1984), the correct federal standard for evaluating ineffective assistance of counsel claims. The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court will deny habeas relief with respect to the entirety to Ground One.

## B. Ground Two

Petitioner alleges that trial counsel was ineffective "when she omitted critical exculpatory evidence and potential defense exhibits." (ECF No. 3, at pp. 18-20). The Nevada Supreme Court considered this claim and rejected it:

> Second, appellant claimed that his trial counsel was ineffective for failing to seek the admission of critical exculpatory evidence, including potential defense exhibits. Many of these exhibits [are] related to the victim's recantations and included: two letters that the victim wrote to the district court judge, one letter that the victim wrote to appellant, and a transcript of the interview with the victim conducted by appellant's initial trial attorney Stanley Walton. The victim's recantation was fully litigated at trial. Therefore, this evidence was cumulative to that presented at trial. Appellant failed to demonstrate that the presentation of this evidence would have altered the outcome of his trial in light of the testimony regarding recantation presented at trial. Therefore, appellant failed to demonstrate that trial counsel was ineffective on this issue and the district court did not err in denying this claim.

6

1  Appellant also claimed that trial counsel failed to present several
   exhibits which were exculpatory.  Appellant claimed that the following
2  exhibits were exculpatory: several school registration forms, several
   tests indicating that the victim tested positive for Chlamydia and that
3  he had tested negative for HIV and Syphilis, a letter from appellant's
   earlier trial counsel, Judge Jackie Glass, addressed to the State
4  discussing her intention to call his step-son at the Grand Jury, and
   affidavits from appellant's son and step-son which contained evidence
5  cumulative to the testimony given at trial.  A review of these exhibits
   reveals that none of the exhibits demonstrate that appellant did not
6  commit the crimes for which he was convicted.  Thus appellant failed
   to demonstrate that the presentation of this evidence would have
7  altered the outcome of his trial.  Therefore, appellant failed to
   demonstrate that trial counsel was ineffective on this issue and the
8  district court did not err in denying this claim.

9  (Exhibit 49, at pp. 5-6) (footnotes and citations omitted).  The Nevada Supreme Court applied

10 *Strickland v. Washington*, 466 U.S. 668 (1984), the correct federal standard for evaluating ineffective

11 assistance of counsel claims.  The factual findings of the state court are presumed correct.  28 U.S.C.

12 § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling was

13 contrary to, or involved an unreasonable application of, clearly established federal law, as

14 determined by the United States Supreme Court, or that the ruling was based on an unreasonable

15 determination of the facts in light of the evidence presented in the state court proceeding.  The Court

16 will deny habeas relief with respect to Ground Two.

17    **C. Ground Three**

18    Petitioner claims that trial counsel was ineffective for failing to "adequately investigate and

19 sufficiently prepare on defense issues."  The only defense issue identified in the claim relates to an

20 assertion that the victim's testimony before the grand jury was given under "coercive duress."

21 Petitioner identified three individuals that he considered key to developing the defense: Jacklyn

22 Glass, Rolando Larraz, and Sharon Allen.  Petitioner does not identify what evidence the three

23 witnesses would have provided.  The claim acknowledges that trial counsel was aware of the

24 potential witnesses but determined "that they could not have added anything" and petitioner

25

26
                                                7

disagreed with his counsel's opinion. (ECF No. 3, at pp. 20-21).  The Nevada Supreme Court

considered these contentions as follows:

> Third, appellant claimed that his trial counsel was ineffective for
> failing to adequately investigate and prepare a defense because she
> declined to present testimony from three potential witnesses: Jacklyn
> Glass, Rolando Larraz, and Sharon Allen.  Appellant argued that he
> considered the testimony of these individuals key to the proper
> development of his defense.  However, appellant failed to elucidate
> upon the specific testimony that these potential witnesses would have
> offered at trial.  As a result, appellant failed to demonstrate how trial
> counsel's further investigation of these witnesses would have resulted
> in a reasonable probability of a different outcome.  Thus, appellant
> failed to demonstrate that his trial counsel's performance was deficient
> or that he was prejudiced.  Therefore, the district court did not err in
> denying this claim.

(Exhibit 49, at pp. 6-7) (footnotes and citations omitted).  The Nevada Supreme Court applied

*Strickland v. Washington*, 466 U.S. 668 (1984), the correct federal standard for evaluating ineffective

assistance of counsel claims.  The factual findings of the state court are presumed correct.  28 U.S.C.

§ 2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling was

contrary to, or involved an unreasonable application of, clearly established federal law, as

determined by the United States Supreme Court, or that the ruling was based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceeding.  The Court

will deny habeas relief with respect to Ground Three.

### D. Ground Four

Petitioner asserts that trial counsel was ineffective for failing to address "juror/witness issues

prejudicial to his case."  Petitioner describes a single incident as "an altercation with the petitioner's

brother in the presence of jurors" with a "victim/witness advocate."  The same "victim/witness

advocate" is alleged to have inappropriately discussed testimony with other witnesses. (ECF No. 3,

at pp. 22-24).  The Nevada Supreme Court considered and rejected this claim:

> Fourth, appellant claimed that his trial counsel was ineffective for
> failing to address issues regarding the jury and witnesses that were
> prejudicial to his case.  First, appellant argues the trial counsel was

8

1    ineffective for failing to raise issues about problems with the recess
     area outside Department 6, where his trial was held. Appellant
2    contended that the victim/witness advocate approached his brother
     outside the courtroom and began making "accusations of unethical
3    behavior." Appellant also contended that the victim/witness advocate
     was going in and out of the courtroom during the trial and
4    inappropriately discussing testimony with other witnesses. Appellant
     claimed that his trial counsel was unaware of these occurrences and
5    did nothing to address them. However, appellant failed to present any
     evidence that the witnesses involved in this case were biased by these
6    alleged events, and appellant failed to show how these alleged events
     impacted the jury's verdict in this case. Thus, appellant failed to
7    demonstrate prejudice. Therefore, the district court did not err in
     denying this claim.

8

9    (Exhibit 49, at p. 7) (footnotes and citations omitted). The Nevada Supreme Court applied

10   *Strickland v. Washington*, 466 U.S. 668 (1984), the correct federal standard for evaluating ineffective

11   assistance of counsel claims. The factual findings of the state court are presumed correct. 28 U.S.C.

12   § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was

13   contrary to, or involved an unreasonable application of, clearly established federal law, as

14   determined by the United States Supreme Court, or that the ruling was based on an unreasonable

15   determination of the facts in light of the evidence presented in the state court proceeding. The Court

16   will deny habeas relief with respect to Ground Four.

17       **E. Ground Five**

18       Petitioner claims that appellate counsel was ineffective for failing to raise various issues on

19   direct appeal. (ECF No. 3, at pp. 24-25). The *Strickland* standard applies to challenges of effective

20   appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel has no

21   constitutional duty to raise every non-frivolous issue requested by the client. *Jones v. Barnes*, 463

22   U.S. 745, 751-54 (1983). The Nevada Supreme Court considered each of petitioner's claims of

23   ineffective assistance of appellate counsel and denied relief:

24            First, appellant claimed that his appellate counsel should have
              presented issues regarding a juror that fell asleep during trial.
25            Appellant failed to demonstrate that the issue had a reasonable
              probability of success on appeal. During the trial, the district court

26

9

stopped testimony, very briefly, and asked a juror if he was alright. The juror replied that he was fine and that the artificial lights bothered his eyes. The district court then verified that the juror was just keeping his head down to avoid the lights but was paying full attention to the trial. The district court then instructed the juror to inform the court if he was feeling tired and the juror reiterated that it was just that the light hurt his eyes. Appellant has presented no evidence demonstrating that this juror was in fact asleep or that the trial court proceedings were impacted by this event. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that his appellate counsel was ineffective for failing to address issues concerning juror Judith Draper's conversation with appellant's bail bondsman. Appellant failed to demonstrate that this issue had a reasonable probability of success on appeal. During trial, Judith Draper had a brief conversation with appellant's bail bondsman, who was apparently a person with whom she bowled. After this conversation, Draper wrote a letter to the district court informing the court of this communication. The district court held a hearing outside the presence of the jury, with both the state and defense counsel present, to determine the nature of the conversation. During this hearing, Draper told the court that she had discussed the case with appellant's bail bondsman who had informed her that appellant had posted bail and that a German woman put up the money for appellant's bail. After the bail bondsman made this statement, Draper informed the bail bondsman that it was improper for them to discuss the case further. Appellant provided no evidence that Draper's conversation with appellant's bail bondsman impacted the jury's verdict in his case. Therefore, the district court did not err in denying this claim.

Third, appellant claimed that his appellate counsel was ineffective for failing to investigate and present issues relating to post-trial comments made to trial counsel. Appellant failed to explain what post-trial comments were made to his trial counsel, and by whom, and how further investigation of these documents would have impacted his appeal. As a result, the district court did not err in denying this claim as appellant failed to demonstrate that this issue would have a reasonable probability of success on appeal.

Fourth, appellant claimed that his appellate counsel was ineffective for failing to argue prosecutorial misconduct premised upon improper comments made during trial and during closing arguments. Specifically, appellant contended that appellate counsel should have investigated and presented issues relating to the following comment by the prosecution: "[A.M.] said to you under oath: that was meaningless (it didn't happen and I lied when I said it did). Mom's testimony in this court before this jury, same thing." Appellant failed to demonstrate that this issue regarding the prosecutor's argument had a reasonable probability of success on appeal. On direct appeal,

appellant argued prosecutorial misconduct because the prosecutor lied to the victim, held the victim hostage to get her to testify before the grand jury, and intimidated the victim into testifying that her initial accusations were true. Appellant also argued that it was improper for the State to grant the victim immunity from prosecution and then point out that because of the immunity, the victim was not constrained to tell the truth. This court rejected all of these arguments. Appellant failed to demonstrate that any further argument of prosecutorial misconduct would have had a reasonable probability of a different result. Therefore, the district court did not err in denying this claim.

(Exhibit 49, at pp. 8-11) (footnotes and citations omitted). The Nevada Supreme Court applied

*Jones v. Barnes*, 463 U.S. 745, 751 (1983), the correct federal standard for evaluating ineffective

assistance of appellate counsel claims. The factual findings of the state court are presumed correct.

28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's

ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as

determined by the United States Supreme Court, or that the ruling was based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceeding. The Court

will deny habeas relief with respect to Ground Five.

### F. Procedural Default of Grounds Six through Nine

In Ground Six, petitioner alleges that he was "subjected to a selective/vindictive prosecutorial

process before and during trial, thus denying his rights to due process, fair trial, and equal

protection." (ECF No. 6, at pp. 26-28). In Ground Seven, petitioner asserts that his conviction was

based on a guilty verdict on all counts by a jury that was fundamentally biased, denying his rights to

due process, a fair trial, and equal protection. (ECF No. 6, at pp. 28-29). In Ground Eight, petitioner

alleges that this conviction was attained by the "prosecutor's misstatement of facts" and "the use of

fundamentally unfair means of impeaching petitioner's credibility," thereby violating his rights to

due process, and fair trial, and equal protection. (ECF No. 6, at pp. 29-31). In Ground Nine,

petitioner claims that he was "prejudiced before and during trial because of the events that transpired

during a 5 and ½ month pre-indictment delay, thus denying his rights to due process, fair trial, and

equal protection." (ECF No. 6, at pp. 31-32).

11

1               **1. Procedural Default Principles**

2         Generally, in order for a federal court to review a habeas corpus claim, the claim must be

3 both exhausted and not procedurally barred. *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

4 A federal court will not review a claim for habeas corpus relief if the decision of the state court

5 regarding that claim rested on a state law ground that is independent of the federal question and

6 adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

7                   The *Coleman* Court stated the effect of a procedural default, as follows:
                  In all cases in which a state prisoner has defaulted his federal claims in

8                   state court pursuant to an independent and adequate state procedural
                  rule, federal habeas review of the claims is barred unless the prisoner

9                   can demonstrate cause for the default and actual prejudice as a result of
                  the alleged violation of federal law, or demonstrate that failure to

10                   consider the claims will result in a fundamental miscarriage of justice.

11

12 *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural

13 default doctrine ensures that the state's interest in correcting its own mistakes is respected in all

14 federal habeas cases. *See Koerner,* 328 F.3d at 1046.

15            **2. Grounds Six through Nine Were Procedurally Defaulted in State Court on**
               **Independent and Adequate State Grounds**

16         Grounds Six through Nine of the federal petition correspond to Grounds Six through Nine of

17 petitioner's state habeas petition. (Exhibit 43, at pp. 30-36). Citing NRS 34.810(1)(b) and case law,

18 the Nevada Supreme Court held that the claims asserted in Grounds Six through Nine should have

19 been raised on direct appeal. (Exhibit 49, at pp. 12-13). The Nevada Supreme Court found those

20 claims to be procedurally barred and that petitioner failed to demonstrate good cause to excuse the

21 procedural default. (*Id.*).

22         The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of

23 the procedural bar at issue in this case -- NRS 34.810 -- is an independent and adequate state ground.

24 *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003) (holding that the procedural bar of NRS

25 34.810 is adequate state ground to bar federal review in non-capital cases); *see also Bargas v. Burns,*

26

1  179 F.3d 1207, 1210-12 (9th Cir. 1999) ("Thus, Nevada follows a strict rule: A petitioner must raise

2  all claims in his first habeas petition in order to avoid the penalty of procedural default."), *cert.*

3  *denied*, 529 U.S. 1073 (2000); *see also Petrocelli v. Angelone*, 248 F.3d 877, 886 (9th Cir. 2001)

4  (distinguishing capital and non-capital cases); *Valerio v. Crawford*, 306 F.3d 742 (9th Cir. 2002)

5  (same); cf. *Pellegrini v. State,* 117 Nev. 860, 887, 34 P.3d 519, 536 (2001).  Grounds Six through

6  Nine of the federal petition were procedurally defaulted on independent and adequate state law

7  grounds.

8            **3. Cause and Prejudice Analysis**

9            To overcome a procedural default, a petitioner must establish either (1) "cause for the default

10 and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result

11 in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations

12 omitted).  Petitioner also must show prejudice to excuse the procedural default.  The prejudice that is

13 required as part of the showing of cause and prejudice to overcome a procedural default is "actual

14 harm resulting from the alleged error." *Vickers v. Stewart*, 144 F.3d 613, 617 (1998); *Magby v.*

15 *Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

16           "Cause" to excuse a procedural default exists if a petitioner can demonstrate that some

17 objective factor external to the defense impeded the petitioner's efforts to comply with the state

18 procedural rule.  *Coleman v. Thompson*, 501 U.S. at 755; *Murray v. Carrier*, 477 U.S. at 488;

19 *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998).  Ineffective assistance of counsel may satisfy

20 the cause requirement to overcome a procedural default.  *Murray*, 477 U.S. at 488.  However, for

21 ineffective assistance of counsel to satisfy the cause requirement, the independent claim of

22 ineffective assistance of counsel, itself, must first be presented to the state courts.  *Murray*, 477 U.S.

23 at 488-89.  In addition, the independent ineffective assistance of counsel claim cannot serve as cause

24 if that claim is procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

25           With respect to the prejudice prong of cause and prejudice, the petitioner bears:

26                                         13

1    which raises a sufficient doubt as "to undermine confidence in the result of the trial."  *Schlup v.*

2    *Delo*, 513 U.S. at 324.

3          In the instant case, petitioner does not argue actual innocence to excuse his procedural default

4    of Grounds Six through Nine in state court.  Petitioner does, however, present a claim of "actual

5    innocence" as Ground Ten of the federal petition.  (ECF No. 6, at p. 33).  As discussed below,

6    petitioner has failed to make a showing of actual innocence.  As such, petitioner cannot avoid the

7    application of the procedural default doctrine, because he has not shown that a "fundamental

8    miscarriage of justice" will occur if Grounds Six through Nine are barred from consideration.

9          **G.  Actual Innocence/Ground Ten**

10         In Ground Ten, petitioner asserts that he is actually innocent of the crimes of which he was

11   convicted.  (ECF No. 3, at pp. 33-44).  In considering petitioner's claim of actual innocence, the

12   Nevada Supreme Court ruled as follows:

13              Appellant further claimed that new evidence demonstrated that he was
              actually innocent of the crimes for which he was convicted.  To
14            support his claim of actual innocence, appellant presented a letter
              written by the victim and addressed to Judge Jeffrey Sobel recanting
15            her accusations of sexual assault, evidence relating to an interview
              conducted by his former trial attorney Stanley Walton, wherein the
16            victim recanted her testimony and named her previous step-father as
              the person who sexually assaulted her, various school registration
17            forms identifying both her previous step-father and appellant as to the
              victim's emergency contact, and affidavits from appellant's son and
18            step-son.

19              "'[A]ctual innocence means factual innocence, not mere legal
              insufficiency.  To demonstrate actual innocence, appellant would have
20            to establish that "'it is more likely than not that no reasonable juror
              would have convicted him.'"
21
                Appellant failed to demonstrate actual innocence.  First, appellant
22            failed to present any exculpatory evidence which would make it more
              likely than not that no reasonable juror would have convicted him.
23            The victim's recantation was fully litigated at trial.  The additional
              evidence does not demonstrate appellant's factual innocence.
24            Moreover, appellant failed to demonstrate that any of the remaining
              evidence was new or not reasonably available at trial.  Therefore, the
25            district court did not err in denying this claim.

26                                              15

1  (Exhibit 49, at pp. 11-12) (footnotes and citations omitted).  The Nevada Supreme Court cited and

2  applied *Bousley v. United States*, 523 U.S. 614, 623 (1998) and *Schlup v. Delo*, 513 U.S. 298, 327-28

3  (1995), the correct federal standards for evaluating claims of actual innocence.  In the federal

4  petition, as in the state petition, petitioner has failed to make a showing of "actual innocence" by

5  presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence

6  in the result of the trial."  *Schlup v. Delo*, 513 U.S. at 324.  The factual findings of the state court are

7  presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that

8  the state court's ruling was contrary to, or involved an unreasonable application of, clearly

9  established federal law, as determined by the United States Supreme Court, or that the ruling was

10  based on an unreasonable determination of the facts in light of the evidence presented in the state

11  court proceeding.  The Court will deny habeas relief with respect to Ground Ten.

12      **H.  Ground Eleven**

13      Petitioner asserts a claim challenging the sufficiency of the evidence to support his

14  conviction.  (ECF No. 3, at pp. 45-47).  When a habeas petitioner challenges the sufficiency of

15  evidence to support his conviction, the court reviews the record to determine "whether, after viewing

16  the evidence in the light most favorable to the prosecution, any rational trier of fact could have found

17  the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307,

18  319 (1979); *Jones v. Wood*, 207 F.3d 557, 563 (9th Cir. 2000).  The court must assume that the jury

19  resolved any evidentiary conflicts in favor of the prosecution, and the court must defer to that

20  resolution.  *Jackson*, 443 U.S. at 326; *Schell v. Witek*, 218 F.3d 1017, 1023 (9th Cir. 2000) (*en banc*).

21  The credibility of witnesses is beyond the scope of the court's review of the sufficiency of the

22  evidence.  *See Schlup v. Delo*, 513 U.S. 298, 330 (1995).  Under the *Jackson* standard, the

23  prosecution has no obligation to rule out every hypothesis except guilt.  *Wright v. West*, 505 U.S.

24  277, 296 (1992) (plurality opinion); *Jackson*, 443 U.S. at 326;  *Schell*, 218 F.3d at 1023.  *Jackson*

25  presents "a high standard" to habeas petitioners claiming insufficiency of evidence.  *Jones v. Wood*,

26

16

1    207 F.3d 557, 563 (9th Cir. 2000).  The Nevada Supreme Court addressed the claim of insufficiency

2    of the evidence in ruling on petitioner's direct appeal, as follows:

3            Beverly first contends that the evidence presented at trial was
             insufficient to support the jury's finding of guilt.  Our review of the
4            record on appeal, however, reveals sufficient evidence to establish
             guilt beyond a reasonable doubt as determined by a rational trier of
5            fact.

6            In particular, we note that the victim reported that Beverly sexually
             abused her from the time she was in second grade until she was 16
7            years old.  In her initial police interview with a detective, and her
             interview with the prosecutor prior to the preliminary hearing, she
8            enumerated at least eight instances when Beverly sexually assaulted
             her.  The victim's accounts were detailed and in re-telling them, the
9            details were never inconsistent.  Two expert witnesses testified that it
             was not uncommon for child sexual abuse victims to recant.  In this
10           case, the victim recanted after she learned that her mother was going to
             be charged with child abuse or neglect for failing to report the alleged
11           abuse.

12           The jury was fully informed as to the circumstances of the victim's
             initial accusations and her subsequent recantations.  It is for the jury to
13           determine the weight and credibility to give conflicting testimony, and
             we conclude that the jury could reasonably infer from the evidence
14           presented that Beverly committed the crimes charged.

15           Moreover, inconsistencies in the victim's testimony are not a basis for
             reversal, as "[i]t was the jury function to resolve these matters and the
16           manner in which it did so and the weight it gave to the evidence will
             not be questioned on appeal."

17   (Exhibit 40, at pp. 1-2) (footnotes and citations omitted).  This Court has reviewed the relevant

18   portions of the record and finds that the Nevada Supreme Court applied the correct standard to the

19   facts of the case and was reasonable in its decision to sustain petitioner's convictions.  As here,

20   where the record supports conflicting inferences, on sufficiency review, the court must presume that

21   the trier of fact resolved any such conflicts in favor of the prosecution and must defer to the jury's

22   resolution.  *McMillan v. Gomez*, 19 F.3d 465, 469 (9th Cir. 1994) (citing *Jackson v. Virginia*, 443

23   U.S. 307, 326 (1979)).  Moreover, the factual findings of the state court are presumed correct.  28

24   U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling

25   was contrary to, or involved an unreasonable application of, clearly established federal law, as

26
                                                        17

1  determined by the United States Supreme Court, or that the ruling was based on an unreasonable

2  determination of the facts in light of the evidence presented in the state court proceeding.  This Court

3  will deny habeas relief as to Ground Eleven.

4     **I. Ground Twelve**

5        Petitioner alleges constitutional violations challenging the admission of the statements of

6  April Miller-Gonzales by claiming that the destruction of the tape recordings of such statements

7  required suppression of the evidence.  Petitioner asserts that the destruction of the tape recording was

8  in bad faith and was a violation of due process.  (ECF No. 3, at pp. 47-50).

9        Petitioner raised this issue on direct appeal.  The Nevada Supreme Court found petitioner's

10  claim to be without merit and held:

11              Beverly next contends that the district court erred by admitting the
              transcript of the statement made by the victim to Detective Meegan
12              because the audiotape of the statement had been destroyed.  A
              conviction may be reversed when the state loses evidence if the
13              defendant is prejudiced by the loss or the state acted in bad faith in
              losing it.  In this case, there is no evidence that the State acted in bad
14              faith, and Beverly had failed to demonstrate that the loss of the original
              tape was prejudicial.  Detective Meegan testified that she reviewed the
15              transcript before the tape was destroyed and that any blanks in the
              transcripts were the result of portions of the tape being inaudible.
16              Beverly fails to show that the tape would have been exculpatory or
              material to his defense.

17  (Exhibit 40, at pp. 3-4) (footnotes and citations omitted).  The factual findings of the state court are

18  presumed correct.  28 U.S.C. § 2254(e)(1).  Moreover, the Nevada Supreme Court's findings are

19  supported by the trial court record.  At trial, Detective Meegan described the circumstances that

20  resulted in the destruction of the tape recording of April Miller's statements.  (Exhibit 27, at p. 191).

21  The tapes were destroyed after the case went to the justice court for preliminary hearing, because the

22  computer system erroneously showed that the case had been dismissed on the State's motion, when

23  in actuality, it was dismissed because it went to the grand jury.  Detective Meegan testified that it

24  was standard procedure to destroy evidence in cases that were dismissed.  (*Id.*).  The Nevada

25  Supreme Court, on review of the trial transcripts, came to this same conclusion on review of the

26

18

1  appeal from the denial of petitioner's state habeas petition.  (Exhibit 49, at p. 4).  Petitioner has

2  failed to meet his burden of proving that the state court's ruling was contrary to, or involved an

3  unreasonable application of, clearly established federal law, as determined by the United States

4  Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of

5  the evidence presented in the state court proceeding.  The Court will deny habeas relief with respect

6  to Ground Twelve.

7       **J. Ground Thirteen**

8       Petitioner claims prosecutorial misconduct, alleging that the prosecutor lied to the victim,

9  held her hostage to coerce her to testify before the grand jury, and intimidated her into testifying that

10 her initial accusations were true.  (ECF No. 3, at pp. 50-54).  The Nevada Supreme Court considered

11 this argument and found no credible evidence in the record to support such allegations.  (Exhibit 40,

12 at p. 4).  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).

13 Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or

14 involved an unreasonable application of, clearly established federal law, as determined by the United

15 States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in

16 light of the evidence presented in the state court proceeding.  The Court will deny habeas relief with

17 respect to Ground Thirteen.

18 **IV. Certificate of Appealability**

19      In order to proceed with an appeal, petitioner must receive a certificate of appealability.  28

20 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951

21 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a

22 petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

23 certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

24 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's

25 assessment of the constitutional claims debatable or wrong." *Id. (quoting Slack*, 529 U.S. at 484).  In

26

19

1 | order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are

2 | debatable among jurists of reason; that a court could resolve the issues differently; or that the

3 | questions are adequate to deserve encouragement to proceed further. *Id.* This Court has considered

4 | the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a

5 | certificate of appealability, and determines that none meet that standard. The Court will therefore

6 | deny petitioner a certificate of appealability.

7 | **V. Conclusion**

8 |      **IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED**

9 | **IN ITS ENTIRETY**.

10 |      **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**

11 | **APPEALABILITY.**

12 |      **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT**

13 | **ACCORDINGLY.**

14 |      Dated this 18th day of March, 2011.

15 |

16 | UNITED STATES DISTRICT JUDGE

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |